SCHWARZER, Senior District Judge,
dissenting:
I respectfully dissent. The problem with this case is that the State had made up its mind to reject Kvorjak’s request to work at home without even considering whether a reasonable accommodation could be worked out. Thus, in responding to his initial request, the State rejected it on the ground that “commuting to the job is not a covered activity under ADA.” It did not consider any of Kvorjak’s medical information (nor did it request any), and it did not conduct a cost assessment of his working from home. Instead, the State advised Kvorjak’s counsel that it was not interested in having him work at home, and it is clear from the record that no accommodation was ever considered. Until the commencement of the litigation, the State adhered to this initial position. It was only when the State filed its motion for summary judgment that it presented, by way of the affidavit of Laura Boyett, a litany of reasons why Kvorjak would not be able to perform the essential functions of his job at home. This court has said that “[a]n employee’s request for a reasonable accommodation requires a great deal of communication between the employee *59 and employer ... both parties bear responsibility for determining what accommodation is necessary.” Criado v. IBM Corp., 145 F.3d 437, 444 (1st Cir.1998) (quoting Bultemeyer v. Fort Wayne Cmty. Schs., 100 F.3d 1281, 1285 (7th Cir.1996)); see also Garcia-Ayala v. Lederle Parenterals, Inc., 212 F.3d 638, 648 n. 12 (1st Cir.2000). Here there was essentially none.
This is not a case in which the omission of such communication can be said to be of no moment. Cf. Soto-Ocasio v. Fed. Express Corp., 150 F.3d 14, 19 (1st Cir.1998). The State does have a duty to “mak[e] reasonable accommodations ... unless [it] can demonstrate that the accommodation would impose an undue hardship on the operation of [its] business.” 42 U.S.C. § 12112(b)(5)(A). Kvorjak’s supervisor’s testimony on deposition, that if the law required his job could be restructured to enable him to work at home and confidentiality concerns and connections with the call center could be resolved, raises a triable issue. Moreover, the State’s adamant refusal from the outset to consider and discuss accommodation raises a triable issue as to whether it complied with its obligation under the ADA. What the State did here is precisely what the employer did in Garcia-Ayala: “It simply rejected the request for the accommodation without further discussion and it did so without pointing to any facts making the accommodation harmful to its business needs.” Garcia-Ayala, 212 F.3d at 648 n. 12. This “may well be [a] situation! ] in which the employer’s failure to engage in an informal interactive process would constitute a failure to provide reasonable accommodation that amounts to a violation of the ADA.” Jacques v. Clean-Up Group, Inc., 96 F.3d 506, 515 (1st Cir.1996).[1]
I would reverse and remand for trial.

. I note parenthetically that the request to work at home cannot be regarded as outlandish. See Langon v. Dep't of Health and Human Servs., 959 F.2d 1053, 1060 (D.C.Cir.1992) (holding that agency must consider accommodating a computer programmer with multiple sclerosis by allowing her to work at home); see also Carr v. Reno, 23 F.3d 525, 530 (D.C.Cir.1994).